IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| FRANKLIN ADAN ZUNIGA ZUINIGA, § <br> § <br> *Petitioner*, § <br> § <br> v. § <br> § <br> Warden IAH Secure Adult Detention Facility; § <br> KRISTI NOEM, Secretary of Homeland § <br> Security; DEPARTMENT OF HOMELAND § <br> SECURITY ("DHS"); EXECUTIVE OFFICE § <br> FOR IMMIGRATION REVIEW ("EOIR"); § <br> and U.S. IMMIGRATION AND CUSTOMS § <br> ENFORCEMENT ("ICE"). § <br> § <br> *Respondents*. § | CIVIL ACTION NO. 9:25-CV-00351 <br> JUDGE MICHAEL J. TRUNCALE |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Before the Court is Petitioner Franklin Adan Zuniga Zuniga's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Franklin Adan Zuniga Zuniga ("Zuniga") is a Honduran national who has resided in the United States since 2007. [Dkt. 1 at ¶ 6]. On October 22, 2025, United States Immigration and Customs Enforcement ("ICE") detained Zuniga. *Id.* at ¶ 1. On December 10, 2025, Zuniga was denied bond by the immigration court. *Id.* at ¶ 12.

On December 22, 2025, Zuniga brought a habeas corpus petition, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 1].

---
[1] 8 U.S.C. § 1101 et seq.

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Zuniga challenges the legality of his detention on, essentially, three separate grounds. [Dkt. 1 at ¶¶ 17–26]. First, he claims that the INA does not allow the Government to detain him during removal proceedings. Second, Zuniga claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. Third, Zuniga argues that his detention violates due process because he is eligible for custody redetermination.[2]

### A. Detention Pending Removal Proceedings

Zuniga first challenges the Government's authority to detain him while removal proceedings are pending. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§

---

[2] Zuniga's Petition can also be read as challenging his detention as indefinite. [Dkt. 1 at ¶¶ 19–20]. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. This six month period has not elapsed; Zuniga was detained on October 22, 2025, approximately two months ago. He therefore has the burden, and he has not carried it.

1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Zuniga argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Zuniga is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 1 at ¶ 11].[3]

### B. Custody Redetermination

Zuniga next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge[4], which he applied for and did not receive. *Id.* at ¶ 49. In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Zuniga receive a custody redetermination, a custody redetermination would not necessarily result in Zuniga's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just

---

[3] His *Bautista v. Santacruz* arguments are of no consequence. Petitioner cites no law dictating this Court's obligations to follow decisions rendered by other district courts. Furthermore, the *Bautista* court has yet to decide "how [those] parties will proceed with" that case. 2025 WL 3288403 at *10. While Petitioner argues this constitutes a final judgment, *Bautista* appears by its own terms to be ongoing litigation. *Compare id. with* [Dkt. 1 at ¶ 21].

[4] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

as well have resulted in Zuniga's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Zuniga to habeas relief.[5] *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

Because Zuniga has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Zuniga's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 23rd day of December, 2025.**

Michael J. Truncale
United States District Judge

---

[5] Zuniga's Fifth Amendment and Supremacy Clause claims, which are predicated on his other arguments, therefore also fail.

4